**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**


BENJAMIN W. FAWLEY,

       Petitioner,

v.                                        No. CV 18-943 MV/CG

DAVID JABLONSKI, et al.,

       Respondents.

**PRO SE PRISONER ORDER ON PENDING MOTIONS**
**AND CASE MANAGEMENT ORDER**

     **THIS MATTER** is before the Court on several pending motions filed by Petitioner,

Benjamin W. Fawley. Because Petitioner is a prisoner proceeding pro se, the Court is

obligated to conduct a preliminary screening of the Petition. *See* Rule 4 of the Rules

Governing Section 2254 Proceedings. Whenever a prisoner brings a proceeding

seeking habeas corpus relief, the Court is obligated to screen the prisoner's petition.

Rule 4 states:

> If it plainly appears from the petition and any attached exhibits
> that the petitioner is not entitled to relief in the district court,
> the judge must dismiss the petition and direct the clerk to
> notify the petitioner.

Any request to the Court for relief must be in the form of a motion. Fed. R. Civ. P. 7(b).

Petitioner has filed numerous, often duplicative, motions. The filing of excessive motions

may cause substantial delay in completion of the Court's preliminary screening and

resolution of the case. Petitioner should avoid filing unnecessary motions.

     Pending before the Court are Petitioner's Motion for Production of Documents

(Doc. 24), Motion for Production of Documents (Doc. 28), and Motion Seeking

Production of Court Records (Doc. 30). Requests for service of process, discovery, expansion of the record, and submissions of proof are premature and unavailable prior to the Court's completion of its screening obligation. *See Jones v. Bock,* 549 U.S. 199, 213-214 (2007). The Court will deny, as premature and without prejudice, the three Motions seeking production of documents. If Petitioner's Petition is not dismissed on initial screening, the Court will enter further orders governing service of process, discovery, expansion of the record, and scheduling.

Also pending are Petitioner's two, duplicative motions, Motion to Raise the "Fundamental Miscarriage of Justice Exception" (Doc. 25), and Motion for "Fundamental Miscarriage of Justice Exception" to Review (Doc. 29). Both Motions seek to assert a fundamental miscarriage of justice exception to the procedural bar doctrine. Because no issue of procedural bar has been raised in this case at this time, the Court will deny the two Motions without prejudice in the event the doctrine is raised against Petitioner in the future.

Additionally, before the Court is Petitioner's Motion for Appointment of Counsel (Doc. 32). There is no right to appointment of counsel in a federal habeas corpus case. *See Coleman v. Thompson,* 501 U.S. 722, 756 (1991); *Swazo v. Wyo. Dept. of Corr. State Penitentiary Warden,* 23 F.3d 332, 333 (10th Cir. 1994). Instead, the decision whether to request assistance of counsel rests in the sound discretion of the Court. *Swazo,* 23 F.3d at 333; *see also Beaudry v. Corrections Corp. of America,* 331 F.3d 1164, 1169 (10th Cir. 2003); *MacCuish v. United States,* 844 F.2d 733, 735 (10th Cir. 1988). In determining whether to appoint counsel, the district court should consider the merits of the litigant's claims, the nature and complexity of the factual and legal issues,

and the litigant's ability to investigate the facts and to present his claims. *Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111, 1115 (10th Cir. 2004). The Court has reviewed the petition and subsequent filings in light of the foregoing factors. Petitioner appears to understand the issues in the case and to be representing himself in an intelligent and capable manner. *See Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995). Accordingly, the Court will deny the request for appointment of counsel. The denial of counsel is without prejudice to a renewed request in the event the Court orders an evidentiary hearing.

Petitioner has also filed a Motion for Removal to Federal Court (Doc. 23). In his Motion, Petitioner seeks to remove to this Court two habeas corpus proceedings he has filed in the State of Virginia where he is incarcerated under an interstate compact with the State of New Mexico. (Doc. 23). Federal court jurisdiction is to be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100 (1941). It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of their constitutional role as limited tribunals. *Pritchett v. Office Depot, Inc.,* 420 F.3d 1090, 1094-95 (10th Cir. 2005). Removal statutes are to be strictly construed, and all doubts are to be resolved against removal. *Fajen v. Foundation Reserve Ins. Co.,* 683 F.2d 331, 333 (10th Cir. 1982). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).

Even assuming that state habeas corpus proceedings are civil actions that may be removed under 28 U.S.C. § 2241, civil actions brought in state court "may be removed by *the defendant or the defendants*." 28 U.S.C. § 1441(a) (emphasis added).

3

*See also* 28 U.S.C. § 1446(a) (describing procedure by which "*[a] defendant or defendants*" may remove a state court action) (emphasis added); *Chicago, R.I. & P.R. Co. v. Strude,* 346 U.S. 294 (1954); *Colorado v. Lopez,* 919 F.2d 131 (10th Cir. 1990). There is no basis that allows a habeas corpus petitioner to invoke 28 U.S.C. § 1441. Only state court *defendants,* and not plaintiffs or petitioners, may remove an action to federal court. *Shamrock Oil,* 313 U.S. at 103-04. This Court lacks removal jurisdiction over Petitioner's Virginia habeas corpus cases and will deny his Motion for Removal to Federal Court.

Last, Petitioner Fawley has filed a "Motion to Cure Deficiency" (Doc. 6). The Motion to Cure Deficiency does not appear to be a motion but, instead, is a response to the Court's Order to Cure Deficiency (Doc. 3). Petitioner Fawley has paid the $5 filing fee and cured the deficiency cited in the Court's Order to Cure. Therefore, the Court will dismiss the Motion to Cure Deficiency as moot.

Petitioner should not send any letters to the Court other than transmittal letters or requests for information or copies. All mail relating to this case must be directed to the Clerk of the Court. Petitioner is not to send any mail directly to the assigned District Judge or the assigned Magistrate Judge. Petitioner must comply with the Federal Rules of Civil Procedure, the Local Rules of this Court, and any Order of the Court. Failure to comply with the Rules or Court Orders may result in dismissal of this case or other sanctions. Fed. R. Civ. P. 41(b); *see also Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). Petitioner is obligated to keep the Court advised of any changes in Petitioner's mailing address. Failure to keep the Court informed of Petitioner's correct address may result in dismissal of the case or other sanctions. D.N.M. LR-Civ. 83.6.

**IT IS THEREFORE ORDERED:**

(1)  Petitioner Benjamin W. Fawley's Motion for Production of Documents (Doc. 24), Motion for Production of Documents (Doc. 28), Motion Seeking Production of Court Records (Doc. 30), are **DENIED without prejudice** as premature;

(2)  Petitioner's Motion to Raise the "Fundamental Miscarriage of Justice Exception" (Doc. 25), and Motion for "Fundamental Miscarriage of Justice Exception" to Review (Doc. 29), are **DENIED without prejudice** to a renewed request in the event the doctrine of procedural bar is raised against Petitioner in this case;

(3)  Petitioner's Motion for Appointment of Counsel (Doc. 32), is **DENIED without prejudice**;

(4)  Petitioner's Motion for Removal to Federal Court (Doc. 23), is **DENIED**;

(5)  Petitioner's Motion to Cure Deficiency (Doc. 6), is **DISMISSED** as moot; and

(6)  This Case Management Order shall govern proceedings in this case until further order of the Court.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE