IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BENJAMIN W. FAWLEY,

      Petitioner,

vs.                                                                       No. CV 18-00943 MV/CG

DAVID JABLONSKI,
R.C. SMITH,
HOWARD CHAVEZ,

      Respondents.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court, under Rules 4 and 11 of the Rules Governing Section 2254 Cases, on the Amended Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Benjamin W. Fawley . (Doc. 74). The Court will dismiss the Petition for lack of jurisdiction.

Petitioner Benjamin W. Fawley was convicted of second-degree murder under a plea agreement and sentenced to 40 years of imprisonment and indefinite supervised probation by the Mathews County Circuit Court, Mathews County, Virginia. (Doc. 74 at 1). He is serving his sentence in the custody of the New Mexico Department of Corrections under the Interstate Corrections Compact. (Doc. 74 at 1; Doc. 74-1 at 1). Fawley was transferred to New Mexico in 2009 and the challenged deductions for victim restitution by the New Mexico Department of Corrections commenced on July 10, 2009. (Doc. 74 at 3, 5),

In his Amended Petition, Petitioner challenges the State of New Mexico's deduction of victim restitution from his prison job compensation under N.M. Stat. Ann. 1978, § 33-8-8. (Doc. 74 at 2). Petitioner contends that the deduction of victim restitution constitutes an extra-judicial

term added to his sentence by the New Mexico Department of Corrections and violates the due process, equal protection, cruel and unusual punishment, excessive fines, double jeopardy, bill of attainder, abrogation of rights, ex post facto, and contracts clauses of the United States Constitution. (Doc. 74 at 2-30). Petitioner seeks invalidation of his plea agreement, no sentence, and immediate release from confinement. (Doc. 74 at 28). Petitioner notes that he has asserted the same claims in a proceeding under 42 U.S.C. § 1983, *Fawley v. Jablonski* No. CV 18-01139 WJ/SCY, in order to recover damages that are unavailable in this proceeding. (Doc. 74 at 25).

In 2009, Petitioner filed his first petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction and sentence. *See Fawley v. Johnson*, No. CV 09-00452 (E.D. Va. 2010). The District Court for the Eastern District of Virginia dismissed Petitioner's claims as time-barred on the merits and denied a certificate of appealability. Fawley appealed. The United States Court of Appeals for the Fourth Circuit found no error and similarly denied a certificate of appealability. *Fawley v. Johnson,* No. 10-6896 (4th Cir. 2020). The Fourth Circuit denied Petitioner's subsequent Rule 60(b) motion for reconsideration and again declined to issue a certificate of appealability. *Fawley v. Johnson,* 692 F. App'x 736 (4th Cir. 2017).

Petitioner then filed a second § 2254 proceeding, *Fawley v. Clarke*, No. CV 12-00400 (E.D. Va. 2013). The District Court dismissed Petitioner's petition as an unauthorized successive § 2254 petition. *Fawley v. Clarke*, No. CV 12-00400 (E.D. Va. 2013). The Fourth Circuit again declined to issue a certificate of appealability. *Fawley v. Clarke*, 541 F. App'x 301 (4th Cir. 2013). The United States Supreme Court denied certiorari. *Fawley v. Clarke*, 574 U.S. 865 (2014).

Petitioner now brings a new, successive, § 2254 petition raising an issue of improper extra-judicial addition to his sentence by the New Mexico Corrections Department. (Doc. 74 at 2).[1] The issue raised by Fawley appears to be an issue directed against his conviction and sentence but not raised in his prior § 2254 proceedings.

Under 28 U.S.C. § 2244(b)(1), a claim presented in a second or successive habeas corpus application under § 2254 that was presented in a prior application shall be dismissed. A claim that was not presented in a prior application shall also be dismissed unless the applicant shows either (1) that the claim relies on a new rule of constitutional law that was previously unavailable and was made retroactive to cases on collateral review by the Supreme Court or (2) that the factual predicate for the claim was previously unavailable and would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Although Petitioner appears to raise a new claim, Fawley does not rely on any new constitutional law that was previously unavailable and made retroactive on collateral review by the United States Supreme Court. *See* 28 U.S.C. § 2244(b)(2)(A); *Tyler v. Cain*, 533 U.S. 656 (2001). Nor does Petitioner argue or rely on a factual predicate that is sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found Fawley guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(B); *United States v.*

---

[1] Note that Petitioner has raised the restitution-deduction issue under § 2254, not § 2241, and has not set forth any § 2241 claims. Accordingly, the Court analyses the issue only under § 2254. If Petitioner would like to pursue an issue regarding the execution of his sentence, he may do so by filing a separate § 2241 claim.

*Espinosa-Saenz,* 235 F.3d 501, 505 (10th Cir. 2000). His claims do not establish a basis for relief under § 2244(b)(2).

Further, even when a new issue is raised, before a second or successive petition is filed in the district court, the petitioner must move the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). When a second or successive § 2254 claim is filed in the district court without the required authorization from the court of appeals, the district court may either transfer the matter to the court of appeals if it determines that it is in the interest of justice to do so under 28 U.S.C. § 1631 or dismiss the petition for lack of jurisdiction. *In re Cline,* 531 F.3d 1249, 1252 (10th Cir. 2008); *see also Coleman v. United States,* 106 F.3d 339, 341 (10th Cir. 1997).

The current Amended Petition is a successive § 2254 petition and is not accompanied by an authorizing order from a court of appeals. Under § 2244(b)(1), the Court lacks jurisdiction to proceed and must either dismiss Petitioner's Petition or transfer this proceeding to the Tenth Circuit. Applying the *Cline* factors, the Court finds that it is not in the interest of justice to transfer the proceeding for three reasons: (1) although aware of the need for authorization based on his 2012 successive § 2254 proceeding, Petitioner has filed his second or successive §2254 Petition without authorization from the Court of Appeals under 28 U.S.C. § 2241(b)(3); (2) Petitioner fails to establish any grounds that would permit him to proceed on a second or successive petition as required by 28 U.S.C. § 2244(b)(2); (3) it appears unlikely that Petitioner could obtain § 2254 relief based on his claims (*see Clark v. N.M. Dept. of Corr.,* 58 F. App'x 789, 791 (10th Cir. 2003), rejecting an out-of-state prisoner's claims that deduction of victim restitution by the Department of Corrections violated his constitutional rights); and (4) it appears that since his claims arose nine years prior to his 2018 filing of this proceeding (Doc. 74 at 5) , any claim asserted by Petitioner

would be time-barred by the one-year statute of limitations of 28 U.S.C. § 2244(d)(1). *In re Cline,* 531 F.3d at 1252.  Accordingly, the Court declines to transfer the Petition to the Tenth Circuit and instead will dismiss for lack of jurisdiction. Under Rule 11 of the Rules Governing Section 2254 Cases, because Petitioner has failed to make a substantial showing of denial of a constitutional right, the Court will also deny a certificate of appealability.

**IT IS ORDERED** the Amended Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Benjamin W. Fawley  (Doc. 74) is **DISMISSED** for lack of jurisdiction, a certificate of appealability is **DENIED**, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE