IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BENJAMIN W. FAWLEY,

       Petitioner,

vs.                                                    No. CV 18-00943 MV/CG

DAVID JABLONSKI,
R.C. SMITH,
HOWARD CHAVEZ,

       Respondents.

**MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS
AND DENYING TOLLING MOTION**

**THIS MATTER** is before the Court on Petitioner's Objections to Final Order of: 30 July 2020, Received on: 01 August 2020 Under Rule 46 filed by Petitioner Benjamin W. Fawley (Doc. 77) ("Objections"). The Court will overrule Petitioner Fawley's Objections and, to the extent that his filing may be considered to be a tolling motion under Rule 4(a)(4)(A) of the Federal Rules of Appellate Procedure, the Court will deny the motion.

Fawley brought this proceeding as a petition for writ of habeas corpus under 28 U.S.C. § 2254. Fawley expressly states that he has a civil rights case pending, *Fawley v. Jablonski*, No. CV 18-01139 WJ/SCY, in which he raises issues identical to those that he raises here, and that he brings this proceeding to obtain relief that is not available to him in his civil rights case. (Doc. 74 at 25). The relief that Fawley seeks in this case is invalidation of his plea agreement, no sentence, and immediate release from confinement. (Doc. 74 at 28).

This is Fawley's third § 2254 case. Fawley filed his first petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his Second-Degree Murder conviction and sentence in 2009.

1

*See Fawley v. Johnson*, No. CV 09-00452 (E.D. Va. 2010). The Eastern District of Virginia dismissed his claims as time-barred on the merits and denied a certificate of appealability. Fawley appealed, and the United States Court of Appeals for the Fourth Circuit, finding no error, similarly denied a certificate of appealability. *Fawley v. Johnson,* No. 10-6896 (4th Cir. 2020). The Fourth Circuit denied his subsequent Rule 60(b) motion for reconsideration and again declined to issue a certificate of appealability. *Fawley v. Johnson,* 692 F. App'x 736 (4th Cir. 2017).

Fawley then filed a second § 2254 proceeding, *Fawley v. Clarke*, No. CV 12-00400 (E.D. Va. 2013). The district court dismissed the proceeding as an unauthorized successive § 2254 petition. *Fawley v. Clarke*, No. CV 12-00400 (E.D. Va. 2013). The Fourth Circuit again declined to issue a certificate of appealability. *Fawley v. Clarke*, 541 F. App'x 301 (4th Cir. 2013). The United States Supreme Court denied certiorari. *Fawley v. Clarke*, 574 U.S. 865 (2014).

On July 30, 2020, this Court dismissed Fawley's Amended Petition under § 2254 for lack of jurisdiction because it is a second or successive § 2254 petition filed without authorization from a United States Court of Appeals under 28 U.S.C. § 2244(b)(1). (Doc. 75, 76). Fawley filed his Objections under Rule 46 of the Federal Rules of Civil Procedure on August 17, 2020. (Doc. 77). Rule 46 makes formal exceptions to a ruling or order unnecessary and, instead, only requires a party to state any objection along with the grounds for the objection.

Fawley objects to the Court's dismissal of his Amended Petition as an unreasonable application of 28 U.S.C. §§ 2244(b)(2)(A) and 2244(b)(2)(B). (Doc. 77 at 1). In his Brief in Support of Objections (Doc. 81), Fawley argues that he is not challenging his Virginia conviction and sentence but instead is claiming breach of contract and violation of New Mexico constitutional rights by the New Mexico Department of Corrections. (Doc. 81 at 1). However, Fawley's Amended Petition directly contradicts his argument that his is not challenging his conviction and

sentence. In his Amended Petition, Fawley identifies the conviction that he is challenging as his Mathews County, Mathews Virginia conviction in case no. "0206-07" dated "09 August 2006." (Doc. 74 at 1). His request for relief states, "[a]s provided by Fed. R. Crim. P. 11(c)(1)(C), the Court cannot uphold validity of the entire Plea Agreement, and therefore must dispose of plea no sentence & order immediate release from confinement." (Doc. 74 at 28).

The fact that Fawley is proceeding based on facts that developed after entry of the Judgment does not mean that he is not challenging the underlying conviction and sentence. He may seek to collaterally challenge his conviction based on a factual predicate that was not available to him at the time of the conviction. 28 U.S.C. § 2254(e)(2)(A). However, even though he attacks his plea agreement based on subsequent events, his goal is still to invalidate his conviction and be released from custody. (Doc. 74 at 28). The fact that he is proceeding based on a newly discovered factual predicate does not relieve him of the obligation to obtain court of appeals' authorization prior to proceeding when his § 2254 petition is a second or successive petition. 28 U.S.C. § 2244(b)(2)(B).

Fawley's Amended Petition was filed without the required court of appeals' authorization. If Fawley wants disposal of his plea agreement, conviction, and sentence and immediate release from custody, then he must obtain authorization to proceed prior to filing in this Court. 28 U.S.C. § 2244(b)(3)(A). If Fawley is not challenging the federal constitutionality of his conviction and sentence, and does not seek release from custody, then he may not seek relief through a § 2254 case. 28 U.S.C. § 2254(a). His challenges to the actions of the New Mexico Department of Corrections as violative of the New Mexico constitution and a breach of contract are claims that should be brought and have been brought in his §1983 proceeding. The Court will overrule Fawley's Objections under Rule 46.

The Tenth Circuit has raised the question of whether Petitioner Fawley's Objections constitute a tolling motion under Rule 4(a)(4)(A). To the extent that Fawley's filing may be construed as a tolling motion, the Court denies the motion. Rule 4(a)(4)(A) lists tolling motions to include a motion:

> (i) for judgment under Rule 50(b);
> (ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;
> (iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;
> (iv) to alter or amend the judgment under Rule 59;
> (v) for a new trial under Rule 59; or
> (vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

Fed. R. App. P. 4(a)(4)(A). Fawley's Objections clearly do not constitute a motion for judgment under Rule 50(b), a motion to amend or make additional factual findings under Rule 52(b), a motion for attorney's fees under Rule 54, or a motion for a new trial under Rule 59. Therefore, the Objections may only be construed as a motion to alter or amend judgment under Rule 59 or a motion for relief under Rule 60.

A motion to alter or amend under Rule 59(e) must be filed within 28 days after entry of the judgment. Grounds warranting a motion to reconsider under Rule 59(e) include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *See Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir. 1995). A motion for reconsideration is proper where the court has clearly misapprehended the facts, a party's position, or the controlling law but is not appropriate to revisit issues already addressed in prior filings. *See Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.1991); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Fawley's Objections were filed within the time allowed under Rule 59(e) and thus arguably may be considered a timely Rule 59(e) motion. (Doc. 77). Fawley does not present any basis for the Court to reconsider its ruling in this case. Fawley does not rely on either a change in controlling law or new evidence to support his objections. Instead, he appears to argue that the Court has misapprehended his position. However, as set out above, Fawley's argument in his Objections is contradictory to the relief he expressly requests in his § 2254 Amended Petition. (Doc. 74 at 1, 28). Further, Fawley does not contend that he has sought or obtained the mandatory authorization to proceed on a successive § 2254 petition from a court of appeals. *In re Cline,* 531 F.3d 1249, 1252 (10th Cir. 2008); *see also Coleman v. United States,* 106 F.3d 339, 341 (10th Cir. 1997). Therefore, to the extent that Fawley's Objections may be construed as a Rule 59(e) motion, the Court will deny the motion.

Fawley's Objections arguably may also be construed as a Rule 60(b) motion. Ordinarily, if a post-judgment motion is filed within the Rule 59(e) time-limits, the motion is treated having been made under Rule 59(e). *See Williams v. Akers*, 837 F.3d 1075, 1077 n.1 (10th Cir. 2016) (motions seeking relief from judgment are treated under Rule 60 if filed "outside of Rule 59(e)'s 28-day time limit"). However, even if Fawley's filing is construed under Rule 60, Fawley still makes no argument for relief from the Court's dismissal.

Rule 60(b) relief is discretionary and is generally only warranted in exceptional circumstances. *Van Skiver,* 952 F.2d at 1243. Grounds for relief include mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, and fraud. *See* Fed. R. Civ. P. 60(b)(l)-(6). A Rule 60(b) motion "must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). A Rule 60(b) motion is an appropriate vehicle to:

> relieve a party or its legal representative from a final judgment, order, or

5

>proceeding for the following reasons:
>(1) mistake, inadvertence, surprise, or excusable neglect;
>(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>(4) the judgment is void;
>(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Reasons (1), (2), (3), (4), and (5) are not applicable here. Accordingly, Fawley would only be eligible for Rule 60(b) relief under subsection (6). However, Fawley's contention that the Court has misunderstood that he is not challenging his conviction, as discussed above, is inaccurate, and thus cannot constitute exceptional circumstances justifying relief.

**IT IS ORDERED that:**

**(1)** Petitioner's Objections to Final Order of: 30 July 2020, Received on: 01 August 2020 Under Rule 46 filed by Petitioner Benjamin W. Fawley (Doc. 77) is **OVERRULED** and, to the extent that the Objections constitute a tolling motion under Rule 4(a)(4)(A) of the Federal Rules of Appellate Procedure, the motion is **DENIED**; and

**(2)** the Clerk is **DIRECTED** to transmit a copy of this Memorandum Opinion and Order to the United States Court of Appeals for the Tenth Circuit.

_____
UNITED STATES DISTRICT JUDGE